UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS LEROY McINTYRE, JR., | ) | CASE NO. 5:09CV1607 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| JENNIFER BOSWELL, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Lewis Leroy McIntyre, Jr., located in the Summit County, Ohio Jail, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the following defendants in their official and individual capacities: Jennifer Boswell ("Boswell"), Supervisor at the Ohio Adult Parole Authority; Jeffery M. Jones ("Jones"), Parole Officer; Drew Alexander ("Sheriff"), Sheriff of Summit County, Ohio; and Marc Houk ("Warden"), Warden at the Lorain Correctional Institution. He also requests that the Court order that Boswell and Jones not have any contact with him during the pendency of this case and that they initiate his final release from custody. Plaintiff has not alleged that he has been denied a parole violation hearing.

Plaintiff, who had been on parole, alleges in his first claim for relief that defendants Boswell and Jones violated his Eighth Amendment right to be free from cruel and unusual punishment when they knew Plaintiff was unlawfully conveyed to prison and detained without lawful process and violated his Fourteenth Amendment rights by disregarding statutory policies governing parole violations pursuant to R.C. 2967.16(A). On May 4, 2009, Plaintiff was told by defendants Boswell and Jones to come to their Akron, Ohio Adult Parole Authority office. During their meeting, he informed them that he had a power of attorney for a friend and

that he had escorted this friend to the Akron Detective Bureau so he could file a criminal complaint against his daughter. As a result, these defendants filed sanctions against him for having contact with law officers. Also, he was ordered to remove himself as power of attorney for his friend thereby allegedly interfering and restricting Plaintiff's right to have legal documents notarized and filed with the court without first being reviewed.

In his second claim for relief against the Sheriff, Plaintiff contends that he was deprived of his Eighth Amendment right to be free from cruel and unusual punishment when deputy sheriffs conveyed him to the Lorain Correctional Institution to be restrained of his liberty without legal process.

The third claim for relief is against the Warden. Plaintiff asserts that the Warden deprived him of his Eighth Amendment right to be free from cruel and unusual punishment when the Warden permitted him to be imprisoned in his correctional institution without proper commitment documentation.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

**Official Capacity - Boswell, Jones, Sheriff, Warden**

Adult Parole Authority Officers Boswell and Jones, Sheriff Alexander and Warden Houk are all state officials. The Eleventh Amendment bars suits for monetary relief under § 1983 against states, their agencies, and their officials sued in their official capacities for damages, unless the state has waived its sovereign immunity or consented to be sued in federal court. *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 66 (1989); *Kentucky v. Graham,* 473 U.S. 159, 169 (1985); *Cady v. Arenac County*, 574 F.3d 334, 342 (6th Cir. 2009). The State of Ohio has not consented to be sued in federal court. *Weaver v. Ohio State University*, 1997 WL 1159680 * 4 (S.D. Ohio June 4, 1997). " 'A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.' " *Perez v. Wade*, 2009 WL 2903582 * 2 (W.D. Tenn. Aug. 19, 2009) (quoting *Will,* 491 U.S. at 71). Thus, state officials acting in their official capacities are not "persons" for purposes of § 1983. *Id. See Shorts v. Bartholomew*, 255 Fed.Appx. 46, 52 (6th Cir. 2007) (sheriff functions as arm of the state so Eleventh Amendment immunity bars federal court suit); *Portentoso v. Kern*, 532 F.Supp.2d 920, 927 (N.D. Ohio 2008) (the Adult Parole Authority is a branch of the Ohio Department of Rehabilitation and Correction and is, thus, an agency of the State of Ohio); *Jihad v. Simpson*, 2009 WL 541262 * 3 (W.D. Ky. Mar. 4, 2009) (claim for damages against Warden is barred by the Eleventh Amendment). Therefore, Boswell, Jones, the Sheriff and the Warden are dismissed as party defendants in their official capacities.

### *Respondeat Superior* - Sheriff, Warden

Plaintiff alleges that the Sheriff's deputies deprived him of his constitutional rights. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior*. *Browning v. Pennerton*, 633 F.Supp.2d 415, 431 (E.D. Ky. June 22, 2009). The illegal conduct alleged by Plaintiff was performed by deputy sheriffs. There is no indication of participation by the Sheriff.

The Warden allegedly deprived Plaintiff of his constitutional rights by letting him be held in the Lorain Correctional Institution. The same reasoning applies to the Warden who is the supervisor of the Lorain Correctional Institution. Prison supervisory responsibility alone cannot constitute liability. *Lyons v. United States*, 2009 WL 997300 * 18 (N.D. Ohio Apr. 14, 2009). Further, prisoners under confinement do not have inherent liberty interests in particular modes, places or features of confinement or custody. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).

For the above reasons, the Sheriff and the Warden will be dismissed as party defendants. Plaintiff named Boswell as a supervisor. However, he has alleged that she participated in the alleged constitutional deprivation thereby precluding dismissal on this basis.

**Boswell and Jones**

The allegations against Boswell and Jones lack merit for the following reason. Plaintiff contends that these defendants deprived him of his Fourteenth Amendment rights when he was unlawfully conveyed to prison and detained without lawful process by disregarding statutory policies governing parole violations pursuant to R.C. 2967.16(A). The initial inquiry in a § 1983 action is whether the plaintiff has been deprived of a right "secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *Baker v. McCollan,* 443 U.S. 137, 140 (1979). A violation of state law alone is not sufficient to state a § 1983 claim. State, rather than federal, courts are the appropriate institutions to enforce state rules. *Monroe v. McNairy County, Tenn.*, 520 F.Supp.2d 917, 920 (W.D. Tenn. 2007). Further, a failure to comply with an administrative rule or policy does not amount to a constitutional violation. *Peterson v. Foco,* 2009 WL 2245225 * 5 (W.D. Mich. July 23, 2009) (citing *Laney v. Farley,* 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland,* 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett,* 1995 WL 236687 * 1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). This would be a matter of state law not cognizable under § 1983.

> Ohio Revised Code Section 2967.15 provides in pertinent part:
>
> [i]f an adult parole authority field officer has reasonable cause to believe that a person who is a parolee [...] who is under the supervision of the adult parole authority has violated or is violating the condition of a conditional pardon, parole, other form of authorized release, transitional control, or post-release control [...] or any other term or condition of the person's conditional pardon, parole, other form of authorized release, transitional control, or post release control, the field officer may arrest the

>person without a warrant or order a peace officer to arrest the person without a warrant. A person so arrested shall be confined in the jail of the county in which the person is arrested [...] until a determination is made regarding the person's release status.

The Fourth Amendment rights of incarcerated prisoners and parolees are limited. *Smith v. Young*, 2009 WL 3763719 * 3 (W.D. Ky. Nov. 10, 2009) (citing *Jenkins v. Currier,* 514 F.3d 1030, 1033 (10th Cir. 2008)). Under R.C. 2967.15, parole officers may make an arrest without a warrant if they have reasonable cause to believe that a parolee has violated the terms of his parole. *Williams v. Fischer*, 2007 WL 3227659 * 2 (Ohio App. 2d Dist. Oct. 17, 2007). The Supreme Court has upheld the validity of similar state regulations. *See*, *Griffin v. Wisconsin,* 483 U.S. 868 (1987). According to exhibits attached to the complaint, Plaintiff was arrested because he exerted control over the funds of his friend beyond the scope of his appointment under the power of attorney, he had a power of attorney for another individual even though he did not have permission to communicate with him because he was an inmate, he failed to comply with a verbal order to cease acting as power of attorney for his friend, he failed to comply with a written order to return his friend's drivers license and failed to comply with a written order to return his friend's vehicle. All of the reasons for arrest are legitimate.

Plaintiff has requested that the Court order his release. When a prisoner challenges the fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Palmer v. Ghee*, 117 Ohio App.3d 189, 193-94 (Ohio App. 3d Dist. 1997) (where a parolee has no other adequate legal remedy an action in habeas corpus is the proper action to assert an unlawful restraint of liberty); *State ex rel. Finfrock v. Ohio Adult Parole Authority*, 80

Ohio St.3d 639, 640 (1998) (habeas corpus, rather than mandamus, is the proper action for persons claiming entitlement to immediate release from prison).

Accordingly, for the reasons set forth above, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

.

**IT IS SO ORDERED**.

Dated: December 16, 2009

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**